UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEAN TRACEY PICARD,

   Plaintiff,

   v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

   Defendant.

No. 2:14-CV-0121-JTR

REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's complaint. ECF No. 6. Attorney Dustin Deissner represents Dean Tracey Picard (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Defendant). The parties have not consented to proceed before a magistrate judge. After reviewing the complaint and the brief submitted by Defendant, the Court recommends denying Defendant's Motion to Dismiss.

Plaintiff seeks review pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of disability insurance benefits (DIB) and/or Supplement Security Income (SSI) benefits. ECF No. 1. Plaintiff made application for DIB and/or SSI benefits on December 2, 2010. ECF No. 1 ¶ 6. His application was denied initially and on

REPORT AND RECOMMENDATION . . . - 1

reconsideration. *Id.* On February 24, 2012, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for disability benefits. ECF No. 1 ¶ 7. On February 21, 2014, the Appeals Council sent Plaintiff notice that it was denying his request for review. ECF No. 1 ¶ 8. Plaintiff was advised he could file a civil action for Court review within 60 days (plus 5 days for mailing) from the date of receipt of the notice, i.e., by April 27, 2014. ECF No. 1-2; ECF No. 6-1, Exh. 2. Plaintiff was further advised that if he could not file within the 60-day time frame, he could ask the Appeals Council for an extension of time. *Id.* Plaintiff filed a complaint for judicial review on April 29, 2014. ECF No. 1. He did not request an extension of the 60-day period prior to filing the complaint. Defendant responded to the complaint by filing the instant motion to dismiss. ECF No. 6.

When the Appeals Council denies review, a claimant may file an action in a federal district court within 60 days after the date the claimant receives notice of the Appeals Council's action. 20 C.F.R. § 404.981. The date of receipt of notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §§ 404.901, 422.210(c). This 60-day limit for filing "constitutes a statute of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478-479 (1986); *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991). Its purpose is to "forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A claimant's failure to follow administrative procedures within the stated time period, without good cause, precludes further administrative review and the right to judicial review. 20 C.F.R. § 404.900(b).

Here, Plaintiff alleges he did not receive notice of the Appeals Council's denial within the presumptive five days. Instead, Plaintiff's complaint indicates he received the notice on or about Saturday, March 1, 2014, and counsel for Plaintiff received the notice on Saturday, March 1, 2014. ECF No. 1 ¶ 8. 60 days from March 1, 2014, is April 29, 2014, the date the complaint was filed in this case.

REPORT AND RECOMMENDATION . . . - 2

Given the foregoing information, the complaint was not filed beyond the 60-day limitations period. It appears Plaintiff's complaint was filed within the statutory time period prescribed by 42 U.S.C. § 405; therefore, the complaint is not time-barred under 42 U.S.C. § 405(g).

For the reasons state above, **IT IS RECOMMENDED** Defendant's Motion to Dismiss, **ECF No. 6**, be **DENIED**.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

///

///

REPORT AND RECOMMENDATION . . . - 3

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel for the parties and the referring district judge.

DATED November 3, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION . . . - 4