UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEAN TRACEY PICARD,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>  Defendant. | CASE NO: 2:14-CV-0121-TOR<br><br>ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 6) and Magistrate Judge Rodgers' Report and Recommendation to Deny Defendant's Motion to Dismiss with Prejudice (ECF No. 7).[1] Dustin Deissner represents Plaintiff. Special Assistant United States Attorney General Benjamin J. Groebner

---

[1] The parties have not timely consented to the Magistrate Judge's jurisdiction. Although the parties filed their consent to proceed before a Magistrate Judge on November 24, 2014, ECF No. 13, the deadline to file consent was May 9, 2014, *see* ECF No. 2. Accordingly, this case remains assigned to this Court for all further proceedings.

ORDER DENYING MOTION TO DISMISS ~ 1

represents Defendant.  This matter was submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff applied for disability insurance benefits and social security income benefits on December 2, 2010.  ECF No. 1 at 2.  His application was denied initially and upon reconsideration.  *Id.*  Plaintiff appeared for a hearing before an administrative law judge ("ALJ"), who issued a decision denying Plaintiff benefits on February 24, 2012.  *Id.*  Plaintiff requested review of the ALJ's decision by the Appeals Council.  *Id.*  The Appeals Council denied Plaintiff's request for a review on February 21, 2014.  *Id.*  In its letter denying review, the Appeals Council advised Plaintiff that he may file a civil action within 60 days, which period would start the day after he received notice of the Appeals Council's denial.  ECF No. 1-2 at 3.  The Appeals Council further advised Plaintiff that unless he showed otherwise, it would assume receipt of the letter 5 days after the date on the notice.  *Id.*  If Plaintiff needed more time, he was advised that he could file an extension.  *Id.*  Thus, without an extension, Plaintiff would need to file suit by April 27, 2014.

Plaintiff filed his Complaint on April 29, 2014.  ECF No. 1.  Plaintiff did not file a request for an extension; however, Plaintiff's Complaint states that he received the Appeals Council's letter on or about March 1, 2014.  *Id.* at 2.

ORDER DENYING MOTION TO DISMISS ~ 2

Attached to Plaintiff's Complaint is the Appeals Council's letter, date-stamped as received on March 1, 2014.  ECF No. 1-1.

On October 24, 2014, Defendant moved to dismiss Plaintiff's action, asserting that Plaintiff failed to commence the action within the 60-day statutory timeframe.  ECF No. 6.  On November 3, 2014, before Plaintiff filed any response in opposition, Magistrate Judge Rodgers filed a Report and Recommendation, advising this Court to deny Defendant's motion.  ECF No. 7.  Magistrate Rodgers acknowledged the 60-day time limit; however, based on his review of Plaintiff's Complaint, Magistrate Rodgers concluded that Plaintiff did not actually receive notice of the Appeals Council's denial until March 1, 2014.  Therefore, he determined that Plaintiff's Complaint was timely filed.  *Id.* at 2-3.

On November 14, 2014, Plaintiff filed his opposition and supporting declarations in response to Defendant's Motion to Dismiss.  ECF Nos. 9, 10, 11, 12.  In support of his assertion that his Complaint was timely filed, Plaintiff filed a supporting declaration from Mr. Allan Bonney, the attorney who represented Plaintiff during the Social Security proceedings.  ECF No. 9.  Mr. Bonney's declaration stated that he received the Appeals Council's denial on March 1, 2014, which he personally date-stamped upon receipt.  *Id.* at 1-2 ("I can therefore state with certainty that the Appeals Council Decision in this matter was received by me the day it was stamped, March 1, 2014."); *see* ECF No. 9-1.  Plaintiff's personal

ORDER DENYING MOTION TO DISMISS ~ 3

declaration stated that he never received a copy of the decision. ECF No. 10 at 1 ("I do not have a copy of the decision mailed to me by the Social Security Appeals Council, and I do not recall ever receiving one."). Rather, Plaintiff stated that he first received notice of the denial by letter from Mr. Bonney dated March 3, 2014. *Id.* at 1-2.

## DISCUSSION

A claimant may file suit against the Commissioner for denial of Social Security benefits "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3) (indicating that section 405(g) also applies to applications for social security income benefits). The regulations clarify that suit must commence "in a Federal district court within 60 days after the date [the claimant] receive[s] notice of the Appeals Council's action." 20 C.F.R. §§ 404.981, 416.1481. A claimant is presumed to have received notice of the Appeals Council's decision five days after the date on the notice, unless he demonstrates otherwise. 20 C.F.R. §§ 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."), 422.210(c) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after

the date of such notice, unless there is a reasonable showing to the contrary."); *see Phillips v. Astrue*, 2011 WL 6753089 (W.D. Wash. Nov. 29, 2011) (finding plaintiff had made a reasonable showing rebutting the presumptive date of receipt when she submitted a printout of receipt of notice by her counsel, which was further bolstered by plaintiff's declaration that she had never personally received the notice). The time to file suit is "not jurisdictional, but rather constitutes a period of limitations." *Bowens v. City of New York*, 476 U.S. 467, 478 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Thus, a claimant's failure to file suit within this statutory timeframe, may preclude judicial review.

Here, this Court finds Plaintiff timely filed suit. Although Plaintiff was presumed to have received notice of the Appeals Councils' denial on February 26, 2014, which in turn meant he was required to file suit by April 27, 2014, Plaintiff has made a reasonable showing rebutting the presumptive date of receipt and thus demonstrated that his action is not time-barred. Plaintiff's declaration confirms that he never personally received the Appeals Council's notice of denial but rather first received notice from his attorney by letter dated March 3, 2014. Plaintiff's attorney, Mr. Bonney, has certified to this Court that he received notice of the denial on March 1, 2014, which testimony he has bolstered with the date-stamped letter from the Appeals Council. Thus, because Plaintiff had 60 days from actual receipt of notice to commence this action, his Complaint, filed April 29, 2014, was

ORDER DENYING MOTION TO DISMISS ~ 5

timely filed.  Accordingly, Defendant's Motion to Dismiss (ECF No. 6) is **DENIED** for the reasons stated and Magistrate Judge Rodgers' Report and Recommendation to Deny Defendant's Motion to Dismiss (ECF No. 7) is denied as moot.

**IT IS HEREBY ORDERED:**

    1.  Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

    2.  Magistrate Judge Rodgers' Report and Recommendation to Deny Defendant's Motion to Dismiss (ECF No. 7) is denied as moot.

The District Court Executive is hereby directed to file this Order and provide copies to counsel.

    **DATED** January 21, 2015.

                              THOMAS O. RICE
                          United States District Judge